THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| PETER GARCIA, <br><br> Petitioner, <br><br> vs. <br><br> WATERFALL COMMUNITY HEALTH CENTER <br><br> Respondent | Case No. 6:20-cv-1800-mc <br><br> COMPLAINT <br><br> (Age Discrimination in Employment, 29 U.S.C. § *621 et seq*; IRS 659A.030) <br><br> *Demand for Jury Trial* |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*, as amended, ("ADEA") and Oregon Law against discrimination in employment, ORS 659A.030 to correct unlawful employment practices on the basis of age, to redress interference with rights protected under the ADEA and provide Dr. Peter Garcia appropriate relief who was adversely affected by such practices.

Petitioner, Peter Garcia, M.D., (Dr. Garcia) by way of this complaint alleges Respondent, Andrea Trenner (Trenner) in her capacity of CEO of Waterfall Community Health Center, discriminated against him based on his age in failing to interview and or hire him. Dr. Garcia is an experienced board certified physician with an extensive work history in clinical and administration medicine.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331. This Court has jurisdiction over the state law claims pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367(a). This action is also authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

The employment practices alleged to be unlawful were committed in Coos Bay Oregon which is within the jurisdiction of the United States District Court for the District of Oregon.

## PARTIES

2. Plaintiff, Dr. Peter Garcia (Dr. Garcia) is a resident of Orange County Florida.

3. Defendant, Waterfall Community Health Center is a Not for Profit Federally Qualified Health Center (FQHC) located in Coos Bay, Oregon. They, as other FQHC organizations, provide primary care outpatient medical services with an emphasis on the poor and medically indigent.

4. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(3) and 101(7) of the ADA, 42 U.S.C. §§12111(5), (7), within the meaning of Sections 11(b) and (h) of the ADEA, 29, U.S.C. §§ 630(b), (g) and (h).

5. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA.

6. At all relevant times, Defendant has continuously been doing business in the State of Oregon and has continuously had at least 20 employees.

## ADMINISTRAIVE PROCESURES

7. More than thirty days prior to the institution of this lawsuit, Dr. Garcia filed a charge with the EEOC alleging violation of the ADEA by Defendant.

8. On July 28, 2020 the EEOC issued a Dismissal and Notice of Rights letter without finding the Defendant was in violation or in compliance with the statutes for which violations have been alleged.

9. All conditions precedent to the institution of this lawsuit has been fulfilled.

## STATEMENT OF CLAIMS

10. In early August Dr. Garcia applied for the position of Medical Director with Defendant Waterfall by sending by mail a copy of his Curriculum Vitae (CV). Dr.Garcia was unable to connect with the online application process.

11. Defendant did not respond to Garcia's initial application. It is clear Dr. Garcia's application was initially rejected in early August 2019.

12. The search for a new Medical Directed continued after Dr. Garcia's rejection.

13. On August 23, 2020 Garcia emailed Waterfall through their general email address, info@wfall.org, noting his efforts to contact Human Resources over the preceding two week period. The Medical Director position continued to be advertised on Waterfall's website. Once again there was no response to this email. (Exhibit D)

14. On September 3, 2019 Dr. Garcia composed a second letter to Kerri Fullerton (Fullerton) indicating a continued interest in the position of Medical Director. (Exhibit D)

15. The purpose of that that letter was to provide more information regarding Dr.Garcia's background as it pertains to Federal Qualified Health Centers. (Exhibit D)

16. On November 27, 2019 he sent a final letter to Waterfall as the Medical Director Position still appeared on the web site. (Exhibit D)

17. Dr. Garcia included with the November 27, 2019 mailing a more extensive CV and a portions of his performance evaluations when he was the Medical Director of a larger FQHC in Orlando, Florida. The full versions are submitted with this complaint.

18. Dr. Garcia received excellent evaluations while at Community Health Centers in Orlando, Florida.

19. Evidence that a plaintiff was qualified for a position in the new organizational structure may be demonstrated by evidence that the plaintiff had significant experience in a similar position and had received positive performance reviews in that similar position. See *Geiger v. Tower Automotive*, 579 F.3d 614.

20. Waterfall never responded to any of Dr.Garcia's communications.

21. Waterfall eventually hired another physician, Tedd McDonald (McDonald), for the Medical Director Poston.

22. Waterfall has attempted to promote McDonald as a superior candidate.

23. Although McDonald is the same age as Garcia the facts in the case will demonstrate McDonald's training and clinical experience is a poor match to provide clinical leadership at Waterfall.

24. McDonald's qualifications do not meet the job requirements as outlined by the job description. (Exhibit A)

25. Using the requirements listed in the job description (Exhibit A) it is clear that DR. Garcia was by far the more qualified candidate.

26. The plaintiff can usually provide sufficient evidence of discriminatory intent by showing that the employer's proffered reason for the adverse action is false. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 141-149, 120 S.Ct. 2097, 2106-2109, 147 L.Ed.2d 105 (2000)

27. The hiring of McDonald is properly labeled as Pretext and was done in an effort to justify the failure to pursue Dr. Garcia.

<u>FIRST CLAIM FOR RELIEF</u>
(Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*)

For his for Claim for Relief, Dr. Peter Garcia Alleges:

28. Garcia incorporates paragraphs 1-27 as if fully set forth herein.

29. The Age Discrimination in Employment Act (ADEA) was enacted in 1967.

30. In passing the ADEA, Congress explicitly found and declared that "the setting of arbitrary age limits regardless of potential for job performance has become a common practice, and certain otherwise desirable practices may work to the disadvantage of older persons."

31. In passing this law, Congress intended to promote the employment of the elderly "based on their ability rather than age."

32. The clear intent of the ADEA was to assure the older worker that employment opportunities will be based on ability and experience rather than age.

33. The Waterfall Clinic discriminated against Garcia because of his age in violation of 29 U.S.C. §§ 621 and 623.

34. The unlawful employment practices complained of above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

35. Waterfall hired a less qualified physician as a pretext in an effort to justify the discriminatory efforts against Garcia.

36. The acts of defendant described above were willful, entitling Dr. Garcia to liquidated damages of twice his economic losses and interest, pursuant to 29 U.S.C. §§ 626 and 216.

37. As a further result of defendant's unlawful actions, Dr. Garcia is entitled to his reasonable attorney fees and costs pursuant to 29 U.S.C. §§ 626 and 216.

## SECOND CLAIM FOR RELIEF
(Violation Oregon Statute 659A.030)

> It is declared to be the public policy of Oregon that available manpower should be utilized to the fullest extent possible. To this end the abilities of an individual, and not any arbitrary standards which discriminate against an individual solely because of his age, should be the measure of the individual's fitness and qualification for employment.

For his Second Claim for Relief, Dr. Peter Garcia alleges as follows:

38. Dr. Garcia incorporates paragraphs I through 37 as if fully set forth herein.

39. The Waterfall Clinic discriminated against Dr. Garcia because of his age in violation of ORS 6594.030.

40. The damages suffered by Dr. Garcia are continuing as he pursues other work experiences. Dr. Garcia is entitled to compensatory damages in an amount to be determined by the jury at the time of trial.

41. Defendant's actions were taken in bad faith, maliciously or with reckless indifference to Dr. Garcia's rights, entitling him to punitive damages in an amount to be determined by the jury at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Dr. Peter Garcia prays for judgment against defendants for the following relief:

1. For his lost wages and benefits, including future losses, in an amount to be determined by the jury at the time of trial, along with prejudgment interest thereon;

2. For liquidated damages in the amount equal to his economic losses to be determined by the jury at the time of trial, along with prejudgment interest thereon; For non-economic damages in an amount to be determined by the jury at the time of trial;

3. For punitive damages in an amount to be determined by the jury at the time of trial;

4. For reasonable attorney fees and costs incurred herein; and

5. For such other relief as the Court may deem just and proper.

Respectfully submitted this 15th day of October, 2020.

By: _____
Peter Garcia, Pro Se
1969 S. Alafaya Trail
Suite 231
Orlando, Florida  32828
clintonville@gmail.com