Celeste Monroe, OSBA #103190
Kathy L. Feldman, WSBA #15273
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: 206-223-1313
Email: cmonroe@karrtuttle.com
Email: kfeldman@karrtuttle.com
*Attorney for Defendant*

## THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### EUGENE DIVISION

PETER GARCIA,

        Plaintiff,

    v.

WATERFALL COMMUNITY HEALTH
CENTER, INC., an Oregon Corporation,

        Defendant.

NO. 6:20-CV-1800-MC

DEFENDANT WATERFALL
COMMUNITY HEALTH CENTER'S
RULE 12(b) AND 12(b)(6) MOTION
TO DISMISS
REQUEST FOR ORAL ARGUMENT

## MOTION

    Defendant Waterfall Community Health Center, Inc. ("Defendant" or "WCHC") moves the Court for an Order pursuant to Fed. R. Civ. P. 12(b) and 12(b)(6) dismissing Plaintiff Peter Garcia's ("Plaintiff") Complaint on the grounds Plaintiff (1) failed to state facts upon which relief may be granted and (2) failed to exhaust administrative remedies.

## FACTUAL BACKGROUND

    Plaintiff alleges WCHC violated the Age Discrimination in Employment Act ("ADEA") at 29 U.S.C. Chapter 14, Oregon's Anti-Discrimination Law at ORS 659A.030, and the Americans with Disabilities Act ("ADA") at 42 U.S.C. § 12101 *et eq.*

    In June 2019, WCHC began searching for a new Chief Medical Officer. Plaintiff applied for the position in August 2019. He was not hired.

1   Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity

2   Commission ("EEOC") alleging WCHC discriminated against him on the basis of age in

3   violation of the ADEA. In July 2020, Plaintiff received a Dismissal and Notice of Rights from

4   the EEOC, after which Plaintiff filed his initial Complaint against WCHC. A true and correct

5   copy of Plaintiff's initial Complaint and related exhibits are attached hereto as **Exhibit A**.

6   In his initial Complaint, Plaintiff maintained WCHC discriminated against him based on

7   age in violation of the ADEA and ORS 659A.030. Plaintiff later amended his pleadings, alleging

8   WCHC also discriminated against him based on his disability in violation of the ADA.[1] A true

9   and correct copy of Plaintiff's Amended Complaint is attached hereto as **Exhibit B**.

10

11   **LEGAL ARGUMENT**

12   **A.  Standard of review**

13   To survive a motion to dismiss for failure to state a claim upon which relief can be

14   granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

15   relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.

16   Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167

17   L. Ed. 2d 929 (2007)). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss

18   does not need detailed factual allegations," the complaint must contain "more than labels and

19   conclusions[.]" *Twombly*, 550 U.S. at 555. Moreover, "a formulaic recitation of a cause of

20   action's elements will not do." *Id.*; *see also Tannerite Sports, LLC v. Jerent Enters.*, LLC, No.

21   _____
[1] On February 1, 2021, Defendant WCHC sent Plaintiff a notice of WCHC's intent to file a Rule 11 Motion

22   for Sanctions. This notice stated that Plaintiff's Complaint was frivolous, given Plaintiff's history of litigation, and
    that Plaintiff's Complaint was filed for the improper purpose of harassing WCHC and increasing the costs of litigation.
    The notice also stated that Plaintiff's Complaint lacked evidentiary support, and that Plaintiff's other, nearly

23   indistinguishable complaints filed against other healthcare entities constituted a blatant attempt to extract settlements.
    Plaintiff failed to respond to WCHC's Rule 11 notice. Due to Plaintiff's failure to withdraw his Complaint, WCHC

24   intends to file a Motion for Sanctions based on Plaintiff's status as a vexatious litigant. Plaintiff has filed similar
    complaints, frequently using recycled language and claims, against a variety of healthcare entities across the country.
    At a minimum, Plaintiff has filed nine (9) complaints for employment discrimination, including the complaint Plaintiff

25   filed against WCHC. These complaints include, but may not be limited to: *Garcia v. Waterfall Community Health
    Clinic* (District of Oregon); *Garcia v. Coast Community Health Center* (District of Oregon); *Garcia v. Providence
    Health Systems* (District of Oregon); *Garcia v. Alicare Medical Management* (District of New Hampshire); *Garcia v.*

26   *Haines City HMA, LLC* (Middle District of Florida); *Garcia v. The Delta Companies* (Northern District of Texas);
    *Garcia v. Maine General Health* (District of Maine); *Garcia v. University System of Georgia/Stamps Health Center*

27   (Northern District of Georgia); *Garcia v. Primary Health Care* (Southern District of Iowa).

DEFENDANT'S MOTION TO DISMISS - 2
#1973275 v1 / 72562-007

1  6:15-cv-00180-AA, 2016 U.S. Dist. LEXIS 57942, at *3 (D. Or. May 2, 2016) (quoting *Iqbal*,

2  556 U.S. at 681 and *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)) (noting that "bare

3  assertions" that are merely "formulaic recitation[s]" are "conclusory and not entitled to be

4  assumed true" and "to state a plausible claim for relief, the counterclaim 'must contain sufficient

5  allegations of underlying facts' to support its legal conclusions."). A complaint will not "suffice

6  if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678

7  (quoting *Twombly*, 550 U.S. at 555, 557).

8      Although "legal conclusions can provide the framework of a complaint, they must be

9  supported by factual allegations." *Id.* at 679. These factual allegations will not support a finding

10  of "facial plausibility" if the plaintiff fails to plead "factual content that allows the court to draw

11  the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

12  Therefore, a complaint must offer "*more* than a sheer *possibility* that a defendant has acted

13  unlawfully." *Id.* (emphasis added). "Where a complaint pleads facts that are 'merely consistent

14  with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

15  "entitlement to relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

16      Generally, "[c]ourts have a duty to construe pro se pleadings liberally, including pro se

17  motions as well as complaints." *Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).

18  However, "[w]hen giving liberal construction to a pro se civil rights complaint . . . the court

19  'may *not supply essential elements* of the claim that were not initially pled.'" *Murphy v. Wilhelm*,

20  No. 3:19-cv-01733-AC, 2020 U.S. Dist. LEXIS 249512, at *6 (D. Or. Dec. 14, 2020) (emphasis

21  added) (citing *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)). "Vague

22  and conclusory allegations . . . are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of

23  Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

24      Plaintiff is a *pro se* litigant; however, he is not the type of *pro se* litigant courts seek to

25  protect through the liberal construction of pleadings.  In his resume, attached to his Complaint,

26  Plaintiff identifies himself as an "M.D., J.D., M.S."  His resume further explains he has a law

27  degree from Western State University College of Law.  As an attorney, Plaintiff should not be

DEFENDANT'S MOTION TO DISMISS - 3
#1973275 v1 / 72562-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  given the benefit of liberal construction courts typically afford *pro se* litigants who are not

2  lawyers.

3  **B.  Plaintiff fails to state a claim under the ADEA upon which relief may be granted.**

4      The Court should dismiss Plaintiff's ADEA claim for failure to state a claim under Rule

5  12(b)(6). To establish a failure-to-hire claim for age discrimination, a plaintiff's complaint must

6  allege that: (1) the plaintiff was at least forty years old at the time of the defendant's allegedly

7  discriminatory conduct; (2) the plaintiff applied and was rejected; (3) the plaintiff was qualified

8  for the position; and (4) "either substantially younger applicants with equal or inferior

9  qualifications were selected or the plaintiff was rejected under circumstances otherwise 'giving

10  rise to an inference of age discrimination.'" *Bellinger v. Coos Bay Sch. Dist.*, No. 6:13-cv-01443-

11  AA, 2014 U.S. Dist. LEXIS 157019, at *7 (D. Or. Nov. 5, 2014) (quoting *Diaz v. Eagle*

12  *Produce, Ltd.*, 521 F.3d 1201, 1207 (9th Cir. 2008)). Once a plaintiff proves a prima facie case

13  the burden shifts "to the employer to articulate a legitimate, nondiscriminatory reason for its

14  adverse employment action." *Diaz*, 521 F.3d at 1207. Only after an employer satisfies this

15  burden may an employee "prove that the reason advanced by the employer constitutes mere

16  pretext for unlawful discrimination." *Id.*

17      As an initial matter, Plaintiff's Amended Complaint fails to allege he is over forty (40)

18  years old. Instead, Plaintiff vaguely asserts that WCHC "discriminated against [him] because of

19  his age" without offering factual allegations to support this assertion. Amend. Compl. at ¶ 35.

20  Yet Plaintiff is obligated to provide "more than labels and conclusions[.]" *Twombly*, 550 U.S. at

21  555. Furthermore, the Court is not bound to accept Plaintiff's legal conclusion that WCHC

22  allegedly discriminated against him based on age. *See Iqbal*, 556 U.S. at 679. Plaintiff thus fails

23  to satisfy the first required element. Although Plaintiff alleges that he applied for the Chief

24  Medical Officer position with WCHC and was rejected, presumably satisfying only the second

25  element, Plaintiff fails to show that he is qualified. He also fails to allege that a substantially

26  younger applicant was hired or that he was rejected under circumstances giving rise to an

27

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    inference of discrimination. Therefore, Plaintiff fails to satisfy the third and fourth elements

2    required to state a claim under the ADEA.

3         Plaintiff's Complaint fails to support his unfounded assertion he "was the more qualified

4    candidate." Amend. Compl. at ¶ 26. Plaintiff cites *Geiger v. Tower Auto.*, 579 F.3d 614, 624 (6th

5    Cir. 2009) in his Amended Complaint for the proposition that his qualifications "may be

6    demonstrated by evidence that the plaintiff had significant experience in a similar position and

7    had received positive performance reviews." *Id.* at ¶ 20. Plaintiff attempts to support his

8    contention he is qualified without, however, providing any supporting "factual allegations." *See*

9    *Iqbal*, 556 U.S. at 679. First, the Court is not bound to accept this legal conclusion. *See Iqbal*,

10   556 U.S. at 678. Second, *Geiger v. Tower Auto* is Sixth Circuit precedent and therefore not

11   controlling in the Ninth Circuit. Third, Plaintiff fails to acknowledge the obvious deficiencies in

12   his qualifications which preclude his assertion that he was indeed qualified.

13        More specifically, Plaintiff alleges he received "excellent evaluations" from Community

14   Health Centers in Orlando, Florida. Amend. Compl. at ¶ 19. He further alleges, without factual

15   support, that he "was the more qualified candidate" according to the "requirements listed in the

16   job description." *Id.* at ¶ 26. However, Plaintiff's only factual allegations relating to his

17   qualifications are his so-called "excellent evaluations" and the exhibits he attaches to his

18   Complaint. These contentions regarding his qualifications are "naked assertion[s]" which cannot

19   survive a Rule 12(b)(6) Motion to Dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at

20   555, 557) (noting that "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of

21   'further factual enhancement.'").

22        Additionally, Plaintiff cannot overcome the obvious fact that he is unqualified, thus

23   failing to satisfy the third element required to state a claim under the ADEA. Plaintiff relies on

24   the evaluations he attaches to his Complaint. However, these evaluations are dated 1997 through

25   1999. Compl., Ex. B. Plaintiff cannot be qualified if his allegedly "excellent" employment

26   evaluations are over twenty (20) years old.

27

DEFENDANT'S MOTION TO DISMISS - 5
#1973275 v1 / 72562-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    Plaintiff's Complaint also fails to address whether he is licensed to practice medicine in

2    Oregon. Plaintiff attaches as an exhibit to his Complaint the Oregon medical license of Dr. Tedd

3    McDonald, the candidate who was ultimately selected by WCHC for the Chief Medical Officer

4    position. *Id.*, Ex. C. Yet Plaintiff evasively fails to mention whether he himself has an active,

5    unexpired Oregon license. *Id*. His own resume omits this information. *Id.* Therefore, Plaintiff has

6    not alleged that he is a qualified candidate and cannot satisfy the third element.

7    Plaintiff's Complaint also fails to satisfy the fourth element because he does not allege

8    either that a substantially younger applicant with equal or inferior qualifications was selected, or

9    that he was rejected under circumstances giving rise to an inference of age discrimination. *See*

10   *Bellinger*, 2014 U.S. Dist. LEXIS 157019, at *7 (quoting *Diaz*, 521 F.3d at 1207). In fact,

11   Plaintiff readily admits that Dr. Tedd McDonald "is the same age" as Plaintiff. Amend. Compl.

12   at ¶ 24. Plaintiff therefore fails to show that WCHC hired a "substantially younger" individual to

13   fill the position.

14   Plaintiff alleges only that WCHC's hiring of Dr. McDonald "is properly labeled as

15   pretext and was done in an effort to justify the failure to pursue Dr. Garcia." *Id.* at ¶ 28.

16   However, this is a legal conclusion which the Court is not bound to accept. *See Iqbal*, 556 U.S. at

17   679. Moreover, Plaintiff's Complaint does not provide any factual allegations to support

18   Plaintiff's assertion that WCHC's hiring decision was pretext, and Plaintiff may not label

19   WCHC's hiring decision as pretext without first properly satisfying the four elements required to

20   state a claim under the ADEA. *See Diaz*, 521 F.3d at 1207.

21   Finally, Plaintiff fails to assert that he was rejected under circumstances that give rise to

22   an inference of age discrimination. By failing to do so, and by failing to show that the individual

23   hired for the position was "substantially younger," Plaintiff cannot satisfy the fourth element.

24   Plaintiff's Complaint provides no factual allegations under which the Court may even infer age

25   discrimination. Dr. McDonald, whom WCHC ultimately hired for the position, is the same age as

26   Plaintiff, qualified and licensed to practice medicine in Oregon. Plaintiff relies only on

27   conclusory statements regarding WCHC's hiring decision, including: "it is clear that Dr. Garcia

DEFENDANT'S MOTION TO DISMISS - 6
#1973275 v1 / 72562-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  was the more qualified candidate;" and "the facts in the case will demonstrate McDonald's

2  training and clinical experience is a poor match to provide clinical leadership at Waterfall."

3  Amend. Compl. at ¶ 26, 24. Plaintiff also alleges that "Waterfall never responded to any of Dr.

4  Garcia's communications . . . Waterfall eventually hired another physician." *Id.* at ¶ 21-22. This

5  is a non sequitur; WCHC's hiring of Dr. McDonald does not indicate that Plaintiff was not hired

6  due to his age. Plaintiff's Complaint thus fails to provide any facts under which the Court may

7  infer age discrimination.

8        In sum, Plaintiff's Complaint fails to allege that he is within the protected age group, that

9  he was qualified for the position, that WCHC hired a substantially younger applicant with equal

10  or inferior qualifications or that Plaintiff was rejected under circumstances that give rise to an

11  inference of age discrimination.  Therefore, Plaintiff's ADEA cause of action cannot survive a

12  Rule 12(b)(6) Motion to Dismiss.

13  **C. Plaintiff fails to state a claim under ORS 659A.030 upon which relief may be**

14  **granted.**

15        To state a claim under ORS 649A.030, a plaintiff must show that an employer refused to

16  hire an individual "because of" his age. ORS 659A.030(1)(a); *see also Ossanna v. Nike, Inc.*, 290

17  Or. App. 16, 32, 415 P.3d 55, 65 (2018) (noting that ORS 659A.030 requires a plaintiff "to show

18  that the plaintiff's protected characteristic caused discrimination."). "The standard for

19  establishing a prima facie case of discrimination under Oregon law is identical to that used in

20  federal law." *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). The

21  "because of" language in ORS 659A.030 requires a plaintiff to show that "age was a *but-for*

22  cause of an adverse employment decision." *Rogers v. Or. Trail Elec. Consumers Coop., Inc.*, No.

23  3:10-CV-1337-AC, 2012 U.S. Dist. LEXIS 65883, at *29 (D. Or. May 8, 2012) (emphasis

24  added) (also noting that "Oregon courts use federal interpretations of the ADEA to inform the

25  interpretation of the [Oregon] age discrimination statute.").

26        Plaintiff's ORS 659A.030 claim fails for the same reasons his ADEA claim fails.  *See*

27  *analysis supra.* First, Plaintiff's Complaint fails to state his age. Plaintiff merely alleges that

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    WCHC "discriminated against [him] because of his age in violation of ORS 659A.030." Amend.

2    Compl. at ¶ 44. Plaintiff provides no factual allegations in support of this assertion, and "a

3    formulaic recitation of a cause of action's elements will not do." *See Twombly*, 550 U.S. at 555;

4    *see also Tannerite*, 2016 U.S. Dist. LEXIS 57942, at *3 (quoting *Starr*, 652 F.3d at 1216) ("to

5    state a plausible claim for relief, the counterclaim 'must contain sufficient allegations of

6    underlying facts' to support its legal conclusions."). Furthermore, the Court is not bound to

7    accept Plaintiff's legal conclusion that WCHC allegedly discriminated against him based on age.

8    *See Iqbal*, 556 U.S. at 679.

9           Plaintiff also fails to allege he is qualified for the position of Chief Medical Officer.

10    Plaintiff's Complaint asserts, without factual support, that he "was the more qualified candidate."

11    Amend. Compl. at ¶ 26. The only evidence Plaintiff offers to support this assertion are his so-

12    called "excellent evaluations" from a prior employer. *Id.* at ¶ 19; Compl., Ex. B. However,

13    Plaintiff cannot establish he is qualified where his qualifications are only supported by

14    employment evaluations that are over two decades old. Plaintiff also fails to allege whether he is

15    currently licensed to practice medicine in Oregon, but admits Dr. McDonald, who was ultimately

16    hired by WCHC, is licensed. *See* Compl., Ex. C.

17           Additionally, Plaintiff's Complaint fails to include factual allegations supporting his

18    assertion he was not hired by WCHC because of his age. Plaintiff admits WCHC hired an

19    individual who is the *same age* as Plaintiff. Amend. Compl. at ¶ 24. Therefore, Plaintiff does no

20    more than provide baseless, conclusory assertions regarding WCHC's alleged age-based

21    discrimination. Without more, these are merely "'naked assertion[s]' devoid of 'further factual

22    enhancement.'" *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Therefore,

23    Plaintiff's claim arising under ORS 659A.030 should be dismissed under 12(b)(6) for failure to

24    state a claim upon which relief can be granted.

25

26

27

DEFENDANT'S MOTION TO DISMISS - 8
#1973275 v1 / 72562-007

**D. Plaintiff failed to exhaust administrative remedies before filing suit under the ADA, and Plaintiff's ADA cause of action fails to state a claim upon which relief may be granted.**

Where a Plaintiff fails to exhaust his administrative remedies, the Court may dismiss a plaintiff's claim based on "an unenumerated Fed. R. Civ. P. 12(b) motion." *See Puente v. Cty. of L.A.*, 358 F. App'x 909, 911 (9th Cir. 2009). Exhaustion is required where a plaintiff brings a disability employment discrimination claim under the ADA. *See* 42 U.S.C. § 2000(e)-5(b); 42 U.S.C. § 12117(a). Although, as a general rule, the Court may not consider material beyond the pleadings in a Rule 12(b)(6) motion, the Court may consider materials that are submitted with and attached to the Complaint [and] . . . may also consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 998-99 (9th Cir. 2011) (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

Here, Plaintiff filed a Charge of Discrimination with the EEOC alleging only that WCHC discriminated against him based on age. *See* Amend. Compl. at ¶ 7 ("Dr. Garcia filed a charge with the EEOC alleging violation of the ADEA by Defendant"). Plaintiff failed to assert, or otherwise mention, any alleged discrimination based on disability. The EEOC's subsequent Notice of Charge of Discrimination, sent to WCHC on February 4, 2020, reveals the same. Plaintiff's Charge of Discrimination, explicitly referred to by Plaintiff in his Complaint at Paragraph 7, is central to his claim and cannot be disputed based on authenticity. *See Corinthian Colls.*, 655 F.3d at 998-99 (citing *Marder*, 450 F.3d at 448). Therefore, the Court may properly review the Charge and related documents, attached hereto as **Exhibit C**.

A Right to Sue notice from the EEOC based on age discrimination cannot substitute for a Right to Sue notice based on disability discrimination. And, Plaintiff may not rely on exhaustion of remedies of his ADEA claim to establish that he has exhausted administrative remedies as to

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    his ADA claim. The Court should, therefore, dismiss Plaintiff's cause of action arising under the

2    ADA pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

3         If the Court finds Plaintiff has properly exhausted the administrative remedies required

4    under his ADA claim, his disability discrimination claim should still be dismissed under Rule

5    12(b)(6) for failure to state a claim upon which relief can be granted. To establish a claim of

6    discrimination under the ADA, a plaintiff must demonstrate: "(1) he is disabled within the

7    meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of

8    the job with reasonable accommodation; and (3) he suffered an adverse employment action

9    because of his disability." *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (emphasis

10   added) (citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)).

11        Plaintiff alleges, under the first prong, that he suffers from "a profound bilateral hearing

12   loss" and that he "is the recipient of a cochlear implant." Amend. Compl. at ¶ 57.  However, a

13   plaintiff must do more than merely demonstrate he is disabled within the meaning of the ADA

14   for his Complaint to survive a Motion to Dismiss. A plaintiff must also allege that he is

15   "qualified" and "able to perform the essential functions of the job with reasonable

16   accommodation" in order to satisfy the second prong. *See Allen*, 348 F.3d at 1114. Here, Plaintiff

17   fails to allege that he is "qualified." Plaintiff attempts to do so by vaguely alleging that he

18   "received excellent evaluations while at Community Health Centers in Orlando, Florida" and by

19   baldly asserting that "it is clear that Dr. Garcia was the more qualified candidate." Amend.

20   Compl. at ¶ 19. These are precisely the type of "naked assertion[s]" which cannot survive Rule

21   12(b)(6) dismissal. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Plaintiff's

22   unsupported assertions of his own so-called superior qualifications are thus insufficient to

23   survive a motion to dismiss.

24        Additionally, Plaintiff fails to address the glaring defects in his professional background.

25   Notably, Plaintiff claims he is qualified based on his "excellent evaluations" from Community

26   Health Centers in Orlando, Florida. Amend. Compl. at ¶ 19. Yet the evaluations he attaches to

27   his Complaint are dated from 1997 through 1999. *Id.*, Ex. B. Plaintiff simply cannot be

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    "qualified" if his "excellent" employment evaluations are over two decades old. *See* Compl., Ex.

2    B. Moreover, Plaintiff's Complaint does not address whether he is even licensed to practice

3    medicine in Oregon. Plaintiff attempts to distinguish himself from the candidate that WCHC

4    selected for the position, Dr. Tedd McDonald, by attaching Dr. McDonald's Oregon Medical

5    License. Compl., Ex. C. However, Plaintiff neglects to mention whether he is himself currently

6    licensed in Oregon. Therefore, Plaintiff has not alleged that is a "qualified" candidate and his

7    Complaint cannot survive a Rule 12(b)(6) Motion to Dismiss.

8         Plaintiff's Complaint also fails to allege that he would be "able to perform the essential

9    functions of the job with reasonable accommodation." *See Allen*, 348 F.3d at 1113. Instead,

10   Plaintiff contends WCHC discriminated against him based on his disability, and vaguely asserts

11   that "hearing loss among health care providers is well documented [and] organizations exist

12   which assist such individuals[.]" Amend. Compl. at ¶ 62. Plaintiff's Complaint fails to even state

13   he would be able to perform the essential functions of the position of Chief Medical Officer with

14   reasonable accommodation for his alleged hearing loss.

15        Even if Plaintiff's unsubstantiated assertions regarding his qualifications are sufficient,

16   Plaintiff does not satisfy the final prong, specifically that "he suffered an adverse employment

17   action *because of* his disability." *Allen v. Pac. Bell*, 348 F.3d at 1114 (emphasis added). Indeed,

18   Plaintiff provides no factual allegations indicating that WCHC even had knowledge of Plaintiff's

19   disability. Instead, Plaintiff alleges only: "The plaintiff can usually provide sufficient evidence of

20   discriminatory intent by showing that the employer's proffered reason for the adverse action is

21   false." Amend. Compl. at ¶ 27. Yet Plaintiff fails even to allege WCHC's proffered reason for

22   not hiring him was false.

23        Simultaneously, and somewhat confusingly, Plaintiff alleges the reason WCHC did not

24   pursue him as a candidate was the fact he "did not list a phone number on his CV." Amend.

25   Compl. at ¶ 59. However, Plaintiff fails to provide any factual allegations supporting this, and

26   again omits the glaring defects in his qualifications. Plaintiff alleges that WCHC's "policy of not

27   considering a candidate that does not provide a phone number clearly discriminates against any

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1   health care provider that cannot use a phone in the traditional manner." *Id.* at ¶ 61. This is a

2   conclusory, legal statement which the Court is not bound to accept. *See Iqbal*, 556 U.S. at 679.

3   Plaintiff also states: "The circumstance under which the interview occurred suggests that Dr.

4   Garcia was subjected to a negative job action based on disability." *Id.* at ¶ 63. Yet WCHC never

5   interviewed Plaintiff; in fact, his Complaint even states that WCHC "never responded to any of

6   [his] communications." *Id.* at ¶ 21.

7       Plaintiff failed to exhaust administrative remedies prior to filing suit against WCHC

8   under the ADA. Therefore, Plaintiff's ADA cause of action cannot survive an unenumerated

9   12(b) Motion to Dismiss. In the alternative, if the Court finds Plaintiff did exhaust his

10  administrative remedies, Plaintiff's Complaint fails to satisfy two of the three elements required

11  to state a claim under the ADA. Therefore, Plaintiff's ADA claim should be dismissed.

12

13  **E.  WCHC is entitled an award of attorney fees under the ADA.**

14      Pursuant to 42 U.S.C. § 12205, a court may award attorney fees and costs under the ADA

15  where a plaintiff's action is frivolous, unreasonable, or without foundation. *See Lang v. Or.*

16  *Shakespeare Festival Ass'n*, 738 F. App'x 381, 383 (9th Cir. 2018); *Clavon v. Roscoe Bk Rest.,*

17  *Inc.*, No. CV 10-4908 ABC (PLAx), 2012 U.S. Dist. LEXIS 196365, at *14 (C.D. Cal. Oct. 16,

18  2012) (awarding attorney fees "[b]ased on counsel's pattern of filing frivolous ADA lawsuits.").

19  Here, Plaintiff's Complaint lacks foundation or support, and is unreasonable and frivolous.

20  Therefore, WCHC is entitled to an award of reasonable attorney fees.

21                              **CONCLUSION**

22      Plaintiff's Complaint cannot survive Defendant's Motion to Dismiss under 12(b) or

23  12(b)(6). WCHC respectfully requests this Court dismiss Plaintiff's Complaint with prejudice

24  and award WCHC reasonable attorney fees and costs.

25

26

27

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1

Dated this 22nd day of February 2021.

2

3                                    KARR TUTTLE CAMPBELL

4                          By: *s/Celeste Monroe*
                               Celeste Monroe, OSBA #103190
5                               701 Fifth Avenue, Suite 3300
                               Seattle, Washington 98104
6                               Telephone: 206-223-1313
                               Email: cmonroe@karrtuttle.com
7                               *Attorney for Defendant*
                           KARR TUTTLE CAMPBELL
8

9                          By: *s/Kathryn L. Feldman*
                               Kathryn L. Feldman, WSBA #15273
10                               701 Fifth Avenue, Suite 3300
                               Seattle, Washington 98104
11                               Telephone: 206-223-1313
                               Email: kfeldman@karrtuttle.com
12                               *Attorney for Defendant*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

CERTIFICATE OF SERVICE

I, Julie Nesbitt, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington. I am over the age of 18 and not a party to the within action. My business address is: 701 Fifth Avenue, Suite 3300, Seattle, Washington 98104. On this day, I caused the foregoing DEFENDANT'S MOTION TO DISMISS, to be served on the parties listed below in the manner indicated.

| | | |
|---|---|---|
| Peter Garcia, *pro se* | ☐ | Via U.S. Mail |
| 1969 S. Alafaya Trail | ☐ | Via Hand Delivery |
| Suite 231 | ☒ | Via Electronic Mail (per E-Service Agreement) |
| Orlando, FL 32828 | ☐ | Via Overnight Mail |
| clintonville@gmail.com | ☐ | CM/ECF via court's website |

I declare under penalty of perjury that the foregoing is true and correct.

Dated on this 22nd day of February 2021, at Seattle, Washington.

*s/Julie Nesbitt*
Julie Nesbitt
Legal Assistant

DEFENDANT'S MOTION TO DISMISS - 14
#1973275 v1 / 72562-007

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100