IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PETER GARCIA**,

      Plaintiff,

v.

**WATERFALL COMMUNITY HEALTH CENTER, INC.**,

      Defendant.

Civ. No. 6:20-cv-1800-MC

OPINION AND ORDER

**MCSHANE, Judge**:

    When Plaintiff Dr. Peter Garcia was not selected for employment at Defendant Waterfall Community Health Center, he alleged employment discrimination under the ADEA and ADA. Plaintiff's complaint failed to state a plausible claim for relief and it was dismissed without leave to amend. Defendant seeks sanctions and attorney fees. Def.'s Mot. Dismiss 12, ECF No. 10; Def.'s Mot. Att'y Fees, ECF No. 16; Def.'s Mot. Sanctions, ECF No. 21. Because Plaintiff's claims were frivolous, Defendant is entitled to attorney fees. Defendant's Motion for Attorney Fees (ECF No. 16) is GRANTED. Defendant's Motion for Sanctions (ECF No. 21), however, is DENIED.

## DISCUSSION

**I.  Defendant is entitled to attorney's fees**

    For suits brought under the ADA, the Court may award attorney fees and costs to the prevailing party. 42 U.S.C. § 12205. However, "[a]ttorney's fees under § 12205 should be awarded to a prevailing defendant only if 'the plaintiff's action was frivolous, unreasonable, or

without foundation.'" *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (quoting *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997)). Plaintiff's claims in this case were frivolous and without foundation. The Court also notes Plaintiff's history of filing baseless claims of employment discrimination. Plaintiff has filed at least nine other lawsuits with remarkably similar language and claims. See Garcia v. Coast Community Health Center, No. 6:20-CV-2175-MC, 2021 WL 2004778, at *4 (D. Or. May 19, 2021) (compiling cases). For these reasons, the Court finds that Defendant is entitled to attorney's fees.

## II.      Defendant's Fees and Costs

Parties to litigation are ordinarily required to bear their own attorney's fees. *Buckhannon Bd. v. West Virginia D.H.H.R.*, 532 U.S. 598, 602 (2001). The general practice is not to award fees to a prevailing party "absent explicit statutory authority." *Id.* at 602 (citing *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)). In discrimination cases where the defendant is the prevailing party, the Supreme Court has cautioned that attorney fees should be awarded only in exceptional circumstances. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Under the ADEA and ADA, "a district court may in its discretion award attorney's fees to a prevailing defendant . . . upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.*; *see also Summers*, 127 F.3d at 1154 (applying *Christiansburg* standard to ADA cases).

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced

in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).

Courts determine a reasonable billing rate based on the "prevailing market rate" in the relevant community. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The burden is on the petitioner to prove "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Oregon courts consider the Oregon State Bar Economic Survey's 75th percentile hourly rate to be an appropriate standard for measuring attorney fee requests.[1] *MW Builders, Inc. v. Safeco Ins. Co. of America*, No. 02-1578, 2009 WL 1161751, at *11 (D. Or. Apr. 28, 2009). As to number of hours expended, courts review the billing hours submitted to determine whether the prevailing attorney could have reasonably billed the claimed hours to a private client. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "[E]xcessive, redundant, or otherwise unnecessary" hours are not recoverable. *Id.* (quoting *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2008).

Defendant seeks $12,856.50 in attorney fees and $4,297.53 in costs, for a total of $17,154.03. Monroe Decl. ¶ 18, ECF No. 17.

The Court finds that Defendant's requested billing rates are reasonable. Kathy Feldman is a partner at Karr Tuttle Campbell with more than 35 years of experience in employment law. *Id.* at ¶ 19. Defendant seeks an hourly rate of $440 for Ms. Feldman's work on this case. *Id.* Celeste Monroe, also of Karr Tuttle Campbell, has been practicing law for 18 years, focusing on termination, disability accommodation, and compliance. *Id.* at ¶ 20. Defendant seeks an hourly rate of $425 for Ms. Monroe's work on this case. *Id.* Maria Hodgins is an associate at Karr Tuttle

---

[1] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf.

Page 3 – OPINION AND ORDER

Campbell, working on employment discrimination cases. *Id.* at ¶ 21. Defendant seeks an hourly rate of $265 for Ms. Hodgins' work on this case. *Id.*

Ms. Feldman's rate is below the 75th percentile rate for Portland attorneys with her experience.[2] Although Ms. Monroe's and Ms. Hodgins' rates are slightly above the 75th percentile for Portland attorneys with their respective years of experience, the Court still finds their rates reasonable. The Court notes that the most recent Oregon State Bar Economic Survey is from 2017, with data from 2016. Costs have risen significantly in the past six years and the Court finds it reasonable that attorney billing rates have also increased. The Court also notes that the hourly billing rates for civil litigation defense in Portland are above the overall average billing rates for attorneys in Portland. Ms. Hodgins' rate is hovering around the 25th percentile for civil litigation defense in Portland, which the Court find reasonable given her experience. Ms. Monroe's hourly rate is again just above the 75th percentile for civil litigation defense. Given Ms. Monroe's considerable experience, the Court also finds this to be a reasonable benchmark.

The Court also finds the hours expended on this case to be reasonable. Between the three attorneys, Defendant expended 43.7 hours on this case. This includes time spent reviewing the case, drafting the motion to dismiss, corresponding with Plaintiff regarding the motion for sanctions, and drafting the instant motion for attorney's fees. Although this case was summarily dismissed in February 2021, Plaintiff filed a significant number of motions following dismissal, requiring ongoing work by Defendant's attorneys. The hours expended by defendant are not "excessive, redundant, or otherwise unnecessary." *McCown*, 565 F.3d at 1102; Monroe Decl. ¶ 18 (certifying that Defendant "reviewed these invoices and reduced fees to ensure that no

---

[2] The Court notes that Defendant's attorneys are located in Seattle, Washington. To determine if Defendant's hourly rates are reasonable, the Court compares them to the hourly rates for Portland attorneys. While the Washington State Bar does not appear to perform a similar economic survey, the Court finds that Defendant's location in Seattle adds further justification for the reasonableness of their hourly rates.

Page 4 – OPINION AND ORDER

services billed for were unnecessary or duplicative").

Finally, with one exception, the Court finds that Defendant's request for $4,297.53 in costs is also reasonable. "Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* L.R. 54-1. As noted above, Plaintiff has filed similar cases throughout the country. Defendant's costs include $3,873 spent in On-Line Research Recovery to find and compile all of these cases. The Court finds it reasonable for Defendant to be reimbursed for these costs. However, Defendant's bill of costs includes $300 in court costs for the *pro hac vice* fee. *Pro hac vice* fees do not constitute awardable costs. *Kalitta Air LLC v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013). Accordingly, Defendant's costs are reduced by $300, for a total of $3,997.53.

### III.   Sanctions

Defendant first informed Plaintiff of their intent to file for sanctions on February 1, 2021. The parties conferred on February 22, 2021 and Plaintiff indicated that he had no intent of withdrawing his complaint. Plaintiff was served with the Motion for Sanctions on March 5, 2021. In his Motion for Reconsideration, filed on March 18, 2021, Plaintiff indicated his intent to withdraw his complaint to avoid sanctions. When the 21-day safe harbor period had lapsed, Defendant filed this Motion for Sanctions with the Court.

Construing Plaintiff's Motion for Reconsideration liberally, the Court recognizes it as an attempt to withdraw the complaint while simultaneously ask for reconsideration on the grant of attorney fees. The Court therefore declines to award monetary sanctions.

### IV.   Pre-Filing Order

Defendant's Motion for Attorney Fees also asks the Court to "enter a Pre-Filing Order to

prevent Plaintiff from filing vexatious, unfounded suits in the future." Pl.'s Mot. Att'y Fees 11–13. While the Court is concerned with the number of lawsuits Plaintiff has brought in recent years, the Court declines to declare Plaintiff a vexatious litigant or to enter a Pre-Filing Order at this time.

## CONCLUSION

Defendant's Motion for Attorney Fees (ECF No. 16) is GRANTED. Defendant is awarded $12,856.50 in attorney fees and $3,997.53 in costs, for a total of $16,854.03. Defendant's Motion for Sanctions (ECF No. 21) is DENIED.

IT IS SO ORDERED.

DATED this 6th day of September, 2022.

        s/Michael J. McShane
        Michael J. McShane
        United States District Judge